UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0111-TWP-DKL-2 |
| | ) | |
| JAMIE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 15, 2015, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 5, 2016 and January 12, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 12, 2016, defendant Jamie Smith appeared in person with his appointed counsel, Michael Donahoe. The government appeared by William McCoskey, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jay Hardy, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1.	The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

2.	A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged.  Mr. Smith waived further reading of the Petition.

3.	The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Smith was advised of the rights he would have at a preliminary hearing.  Mr. Smith stated that he wished to waive his right to a preliminary hearing.

4.	Mr. Smith stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Smith executed a written waiver of the preliminary hearing, which the court accepted.

5.	The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.	Mr. Smith, by counsel, stipulated that he committed Violation Numbers 1 through 4 (with the exception of paragraph 3 of Violation Number 3 in the Petition) as follows:

**Violation**
**Number	Nature of Noncompliance**

1  **"The defendant shall notify the probation officer prior to any change in residence or employment."**

   On June 24, 2014, the probation officer attempted a home visit at the offender's noted address. The probation officer was notified by the occupant of the home the offender had moved. The offender failed to report to the probation officer that he had moved to another residence.

2  **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

   On June 24, 2014, the probation officer determined the occupant where the offender originally lived upon his release from custody was Jesse Kortea. Mr. Kortea is a convicted felon and the offender was not granted permission by the probation officer to associate with Mr. Kortea.

   On January 20, 2015, the probation officer met with the offender who admitted he had had telephone contact with Jonathan Neill, his codefendant in the instant offense. The offender was not granted permission by the probation officer to associate with Mr. Neill who is a convicted felon.

   On September 17, 2015, the offender admitted to the probation officer that he again recently had contact with Jonathan Neill. The offender did not have permission to have contact with Mr. Neill.

3  **"The defendant shall refrain from any unlawful use of a controlled substance."**

   On January 14, 2015, the offender reported he had consumed a Xanax. The offender admitted he did not have a valid prescription for Xanax and he obtained the Xanax from his brother.

   On January 20, 2015, the offender submitted a urine sample which tested positive for amphetamines. The offender was confronted and denied illegal drug use. On January 31, 2015, Alere Laboratory confirmed the sample was positive for methamphetamine and amphetamine.

   On September 9; September 17; November 24; and December 1, 2015; the offender submitted urine samples which tested positive for Buprenorphine (Suboxone). Alere Laboratories confirmed all of the test results.

4  **"The defendant shall reside for a period of up to 8 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

>On October 22, 2015, the offender reported to the Volunteers of America. On December 11, 2015, the offender received a "write-up" for having cigarettes on his person.

7. The court placed Mr. Smith under oath and directly inquired of Mr. Clark whether he admitted violations 1 through 4 of his supervised release set forth above. Mr. Clark admitted the violations 1, 2, 3 (in part), and 4 as set forth above. Violation 3 of the Petition, paragraph 3 is stricken by agreement of the parties.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Smith's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of 5 months with no supervised release to follow. The defendant will be permitted to self-surrender pending designation. Defendant requested that he be placed at a medical facility.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JAMIE SMITH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of five (5) months with no supervised release to follow. The defendant is to be released and is to reside with his mother pending designation by

the Federal Bureau of Prisons.  The Court recommends placement at a medical facility close to Indianapolis, Indiana.

Counsel for the parties and Mr. Smith stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Smith's supervised release, imposing a sentence of imprisonment of five (5) months, with no supervised release to follow.  The defendant is released on conditions of supervised release and is to reside with his mother pending the district court's action on this Report and Recommendation.  Upon approval, defendant will self-surrender pending notification of designation by the Federal Bureau of Prisons.   The Court recommends placement at a medical facility close to Indianapolis, Indiana.

IT IS SO RECOMMENDED.

Date:  Februry 3, 2016

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal